# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE  DIVISION

| | | |
|---|---|---|
| EPISCOPAL SCHOOL OF ACADIANA, INC. | * | CIVIL ACTION NO. 11-0843 |
| VERSUS | * | JUDGE DOHERTY |
| TRANS NATIONAL BUS TRUCK & COACH L.L.C. | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION
## ON MOTION FOR DEFAULT JUDGMENT

Pending before the undersigned for report and recommendation is the Motion to Re-Urge Motion for Confirmation of Default on Declaratory Judgment filed by plaintiff, Episcopal School of Acadiana, Inc. ("ESA"), on June 28, 2012. [rec. doc. 53].  No opposition has been filed, and the deadline for filing opposition has expired.[1]  For the following reasons, it is recommended that the motion be **GRANTED**.[2]

---

[1]LR 7.5W provides that opposition shall be filed within twenty-one (21) days after service of the motion.

[2]This case was delayed due to Elias Quintana's ("Quintana") appeal to the United States Court of Appeals for the Fifth Circuit of the undersigned's Ruling on June 7, 2012, striking Quintana's pleadings. [rec. doc. 44].  Although the undersigned was aware that the Court of Appeals lacked jurisdiction to hear the appeal, the undersigned chose to wait until the Court of Appeals ruled on the appeal before issuing this report and recommendation.  On November 8, 2012, the Fifth Circuit dismissed the appeal because it lacked jurisdiction.  [rec. doc. 71].  By Minute Entry dated November 28, 2012, Judge Doherty removed this matter from the Court's administrative docket and placed it back on the Court's active docket.  [rec. doc. 72].

## __Background__

ESA brought this suit seeking declaratory judgment against defendant, Trans

National Bus & Coach, LLC ("Trans National"), regarding the terms of a school bus lease

agreement (the "Lease Agreement").

ESA is a Louisiana non-profit corporation which provides private education to

students from primary through high school grade levels.  Trans National is in the business

of leasing school buses.  On March 19, 2009, ESA and Trans National entered into a

Lease Agreement drafted by Trans National for the rental and/or lease of eight school

buses.

The Lease Agreement provides for the payment of monthly rental by ESA in the

amount of $1,200.00 per bus for each month of operation ($9,600.00 per month for eight

buses), with the rental for the first and last month of the agreement due and owing on or

before July 15, 2009.  The rental period under the Lease Agreement is as follows:

### Term Sheet

The Agreement for the rental and or lease of 8 buses will begin on the 15th
day of August to the 15th day of June of each year for *up to 5 years*,
beginning August 15th 2009.

(emphasis added). [rec. doc. 1, Exhibit A].

ESA paid all rental amounts owed under the Lease Agreement for two consecutive

10-month terms (August 15-June 15 of 2009/2010 and 2010/2011).  ESA elected not to

renew the Lease Agreement for any additional terms.

A dispute arose regarding the expiration of the term of the Lease Agreement.  By

letter dated January 26, 2011, ESA's counsel affirmed its position that the Lease

Agreement's term was for "up to 5 years."  [rec. doc. 1, Exhibit B].  By letter telecopied on February 3, 2011, by Trans National through "President and General Counsel" Elias Quintana ("Quintana") to ESA's counsel, Trans National argued that the Lease Agreement was "binding" for five years.  [rec. doc. 1, Exhibit C].

On June 7, 2011, ESA filed a Complaint for Declaratory Judgment in this Court seeking a declaration that it had fully satisfied its obligations under the Lease Agreement or, alternatively, that the lease was null, void, and/or unenforceable.  ESA filed an Amended Complaint on June 13, 2011.  [rec. doc. 7].

On August 5, 2011, ESA filed a Motion for Default on Declaratory Judgment against Trans National.  [rec. doc. 17].  On August 9, 2011, the Clerk entered a default as to Trans National.  [rec. doc. 18].  On August 19, 2011, Trans National, through its counsel, filed an Answer.  [rec. doc. 21].

On August 24, 2011, Trans National, through its attorney, filed a Motion to Set Aside Clerk's Entry of Default, which was unopposed.  [rec. doc. 23].  By Order dated August 26, 2011, the undersigned set aside the entry of default.  [rec. doc. 24].

On January 4, 2012, I issued an Order to Show Cause why sanctions should not be imposed for Trans National's failure to submit inserts for the Rule 26(f) report by the Court's deadline under the Scheduling Order.  [rec. doc. 29].  I further cautioned that, "**FAILURE TO COMPLY WITH THE COURT'S ORDERS MAY RESULT IN THE IMPOSITION OF SANCTIONS PURSUANT TO FED. R. CIV. P. 16,**

INCLUDING, BUT NOT LIMITED TO, THE STRIKING OF PLEADINGS AND
ENTRY OF JUDGMENT."

On January 19, 2012, the undersigned held a hearing on the Order to Show Cause
and the Motion to Withdraw filed by Quintana's counsel [rec. doc. 30].  At the hearing, I
granted the motion to withdraw and ordered that the Answer filed by Trans National [rec.
doc. 21] be stricken.  [rec. doc. 34].  I further allowed ESA to file a motion for entry of
default on or after January 26, 2012.

On January 26, 2012, ESA filed a Second Motion for Default on Declaratory
Judgment.  [rec. doc. 35].  On January 27, 2012, the Clerk issued a Notice of Entry of
Default as to Trans National.  [rec. doc. 36].  On January 27, 2012, Quintana filed an
Answer to Amended Complaint and Counterclaim.  [rec. doc. 47].

On February 14, 2012, ESA filed a Motion for Confirmation of Default on
Declaratory Judgment.  [rec. doc. 37].   On March 8, 2012, the undersigned issued an
Order to Show Cause why Quintana should be allowed to file pleadings which had been
held by the Clerk for filing.  At the hearing on June 7, 2012, the undersigned ordered
pleadings stricken, including the Answer and Counterclaim filed by Trans National on
January 27, 2012.  [rec. docs. 44, 45].

On June 28, 2012, ESA filed the instant Motion to Re-Urge Motion for
Confirmation of Default on Declaratory Judgment.  [rec. doc. 53].

## Law and Analysis

ESA brought this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §

2201.  Jurisdiction was asserted on the basis of diversity under 28 U.S.C. § 1332(a)(2).

The Declaratory Judgment Act provides that:

". . . [i]n a case of actual controversy within its jurisdiction . . . any court of
the United States . . . may declare the rights and other legal relations of any
interested party seeking such declaration, whether or not further relief is or
could be sought." 28 U.S.C. § 2201(a).

When considering a declaratory judgment action, a district court must determine

whether the declaratory action is justiciable. *Orix Credit Alliance Inc. v. Wolfe*, 212 F.3d

891, 896 (5th Cir. 2000).  Typically, this becomes a question of whether an "actual

controversy" exists between the parties to the action.  *Id*. (*citing See Rowan Companies,*

*Inc. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir.1989)).  In determining whether an actual

controversy lies at the heart of a declaratory judgment action, the Supreme Court has

instructed courts to consider "whether the facts alleged, under all the circumstances, show

that there is a substantial controversy, between parties having adverse legal interests, of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed.

826 (1941).

Here, the undersigned finds that an actual controversy exists regarding the

interpretation of the term of the Lease Agreement and whether ESA owes any additional

rental amounts pursuant to such agreement.  The Lease Agreement between ESA and

Trans National provides for the rental of eight school buses in the amount of $1,200.00

per bus for each month that ESA leases the buses.  The Term Sheet provides for the rental of eight buses starting on the 15th day of August to the 15th day of June of each year for *up to 5 years*, beginning August 15th 2009.  (emphasis added).  [rec. doc. 1, Exhibit A].  ESA asserts that it has paid all rental amounts owed under the Lease Agreement for two consecutive 10-month terms; thus, it assets that it has satisfied the terms of the contract.

Louisiana contract law applies in this diversity case.  *Farrell Const. Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir. 1990).  The Louisiana Civil Code defines the judiciary's responsibility in interpreting contracts as "the determination of the common intent of the parties."  *Greenwood 950, L.L.C. v. Chesapeake Louisiana, L.P.*, 683 F.3d 666, 668 (5th Cir. 2012) (*citing* LA. CIV. CODE ANN. Art. 2045).  Courts may not look outside the contract's four corners "in search of the parties' intent" when "the words of a contract are clear and explicit and lead to no absurd consequences."  *Id.* (*citing* LA. CIV. CODE ANN. Art. 2046).

A contract is ambiguous when, *inter alia*, its "written terms are susceptible to more than one interpretation," when "there is uncertainty as to its provisions," or when "the parties' intent cannot be ascertained from the language used."  *Id.* (*quoting Sequoia Venture No. 2, Ltd. v. Cassidy*, 42,426 (La. App. 2 Cir 10/10/07); 968 So.2d 806, 809, and *Campbell v. Melton*, 817 So.2d 69, 75 (La. 2002)).

A doubtful provision must be interpreted "in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties."  *Id.* (*citing* LA. CIV.

CODE ANN. Art. 2053).  If the contract provision remains ambiguous, and if there are two or more reasonable interpretations, the contract is then construed against its drafter. *Id*. (*citing* LA. CIV. CODE ANN. Art. 2056).

Here, the Agreement provides for a term beginning on the 15th day of August to the 15th day of June of each year for *"up to 5 years*."  (emphasis added).  [rec. doc. 1, Exhibit A].  On its face, it is clear that this provision does not mean that the lessee agrees to lease the buses for a binding five-year period.  Such a reading would effectively read out of the agreement the words "up to".  Rather, the provision clearly means that the stated lease price is applicable for each year, up to a maximum of five years, when the lessee (ESA) chooses to exercise its rights to lease the buses at that price.

Even if this provision were held to be ambiguous (which it is clearly not), then, under Louisiana law, the ambiguity would be construed against the drafter, Trans National, which would lead to the same result.

The undersigned holds that ESA has paid all rental amounts owed under the terms of the Lease Agreement.  Thus, ESA is entitled to a judgment declaring it has fully satisfied its obligations under the Lease Agreement.

For these reasons, and since this motion has been properly filed and is unopposed, the undersigned recommends that the motion be granted.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the Motion for Confirmation of Default on Declaratory Judgment [rec. doc. 53] be **GRANTED**, and that plaintiff is entitled to a judgment declaring that ESA has fully satisfied its obligations under the Lease Agreement.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED. R. CIV. P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

November 29, 2012, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  11-29-2012
By:  MBD