UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **EPISCOPAL SCHOOL OF ACADIANA, INC.** | * | **CIVIL ACTION NO. 11-0843** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **TRANS NATIONAL BUS TRUCK & COACH L.L.C.** | * | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION
ON MOTIONS TO SET ASIDE DEFAULT AND REOPEN CASE**

Pending before the undersigned for report and recommendation are the Motion to Set Aside Default Judgment [rec. doc. 77] and the Motion to Reopen Case [rec. doc. 78] filed by defendant, Trans National Bus Truck & Coach, LLC ("Trans National"), on December 20, 2013. Plaintiff, Episcopal School of Acadiana, Inc. ("ESA"), filed opposition on January 21, 2014. [rec. doc. 85].

For the following reasons, it is recommended that the motions be **DENIED**.

**Background**

On June 7, 2011, ESA brought this suit seeking declaratory judgment against Trans National regarding the terms of a school bus lease agreement (the "Lease Agreement"). On August 5, 2011, ESA filed a Motion for Default on Declaratory Judgment against Trans National. [rec. doc. 17]. The Clerk entered a default as to Trans National on August 9, 2011. [rec. doc. 18].

On August 24, 2011, Trans National, through attorney Steven C. McGinity ("McGinity"), filed a Motion to Set Aside Clerk's Entry of Default, which was unopposed. [rec. doc. 23]. By Order dated August 26, 2011, the undersigned set aside the entry of default. [rec. doc. 24].

On January 4, 2012, I issued an Order to Show Cause why sanctions should not be imposed for Trans National's failure to submit inserts for the Rule 26(f) report by the Court's deadline under the Scheduling Order. [rec. doc. 29]. On January 19, 2012, I held a hearing on the Order to Show Cause and the Motion to Withdraw filed by McGinity [rec. doc. 30]. At the hearing, I allowed ESA to file a motion for entry of default on or after January 26, 2012. [rec. doc. 34]

On January 26, 2012, ESA filed a Second Motion for Default on Declaratory Judgment. [rec. doc. 35]. On January 27, 2012, the Clerk issued a Notice of Entry of Default as to Trans National. [rec. doc. 36]. On January 27,

2012 Trans National, filed an Answer to Amended Complaint and Counterclaim. [rec. doc. 47].

On February 14, 2012, ESA filed a Motion for Confirmation of Default on Declaratory Judgment. [rec. doc. 37]. On March 8, 2012, the undersigned issued an Order to Show Cause why Quintana should be allowed to file pleadings which had been held by the Clerk for filing. [rec. doc. 39]. At the hearing on June 7, 2012, the undersigned ordered all pleadings stricken, including the Answer and Counterclaim filed by Trans National. [rec. docs. 44, 45].

On June 28, 2012, ESA filed a Motion to Re-Urge Motion for Confirmation of Default on Declaratory Judgment. [rec. doc. 53]. On November 29, 2012, the undersigned issued a Report and Recommendation recommending that the Motion to Re-Urge Motion for Confirmation of Default on Declaratory Judgment be granted, and that plaintiff be entitled to a judgment declaring that ESA had fully satisfied its obligations under the Lease Agreement. [rec. doc. 73].

Also on November 29, 2012, the undersigned issued an Order assessing sanctions against Trans National for its continued abuse of process and to recompense plaintiff's counsel for her attorney's fees, costs and time in bringing a second motion for sanctions. [rec. doc. 74].

By Judgment entered on December 20, 2012, Judge Doherty adopted the Report and Recommendation and granted the Motion for Confirmation of Default on Declaratory Judgment filed by ESA. [rec. doc. 75].

On December 20, 2013, Trans National, through attorney Christopher A. Edwards ("Edwards"), filed the instant Motion to Set Aside Default Judgment [rec. doc. 77] and Motion to Reopen Case [rec. doc. 78].

On December 30, 2012, Edwards filed a Motion to Withdraw as Attorney of Record. [rec. doc. 80]. By Order dated January 7, 2014, the undersigned granted the Motion to Withdraw. [rec. doc. 83].

On January 21, 2014, ESA filed its Response to Trans National's Motion to Set Aside Default Judgment. [rec. doc. 85].

## **Law and Analysis**

Trans National argues that the default judgment should be set aside pursuant to Fed. R. Civ. Proc. 55(c) and Rule 60(b). What Trans National fails to address, however, was that it utterly failed to object to the Report and Recommendation within the time delays designated by law.

The undersigned issued the Report and Recommendation on November 29, 2012, recommending that the Motion for Confirmation of Default on Declaratory

Judgment be granted. [rec. doc. 73]. At the end of the Report and Recommendation, I wrote as follows:

> **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION *WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED. R. CIV. P. 6(b)*, SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

(emphasis added). [rec. doc. 73, p. 8].

In *Douglass*, the Fifth Circuit held that "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted16 by the district court, provided that the party has been served with notice that such consequences will result from a failure to object." *Id*. at 1428-29; *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n. 2 (5th Cir. 2013)

("plain error review applies when a party does not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court, so long as the party was served with notice of the consequences of failing to object.").

Here, Trans National, despite notice, failed to file any objections to the Report and Recommendation within 14 days. Instead, Quintana attempted to file objections to the Report and Recommendation behalf of Trans National.

As this Court repeatedly advised Quintana, an individual cannot appear on behalf of a limited liability corporation. *See* rec. docs. 15, 34, 38, 44, 45, 66, 68, 74. Once again, Quintana, in direct violation of the Orders of this Court, attempted to do so when filing the objections to the Report and Recommendation. As no objections were filed by *Trans National*, it is barred from attacking the factual findings and legal conclusions accepted by the district court. (emphasis added).

Trans National argues that the default judgment should be set aside pursuant to F.R.Civ. Proc. Rules 55(c) and 60.

Rule 55 provides as follows:

**(c) Setting Aside a Default or a Default Judgment**. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Rule 60(b) provides as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Trans National argues that grounds one (mistake, inadvertence, surprise, or excusable neglect) and six (any other reason that justifies relief) apply. The undersigned disagrees.

With regard to the "excusable neglect" contention, the Fifth Circuit has cited leading commentator Wright and Miller as follows:

[A] party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must make *some showing* of why he was justified in failing to avoid mistake or inadvertence.

7

> Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law. . . .

(emphasis added). *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (*citing* 11 Wright and Miller, *Federal Practice and Procedure*, § 2858 at p. 170).

With regard to the "mistake" in the ruling as a ground for 60(b) relief, the Fifth Circuit again cited Wright and Miller, who quoted with approval jurisprudential and doctrinal commentary that the remedy is " '. . . addressed to special situations justifying extraordinary relief, [where] . . . the mistake was attributable to special circumstances,' " not simply " 'that the court made an erroneous ruling' ", *id*. at p. 177, and that the judicial error should involve " 'a fundamental misconception of the law' " as distinguished merely from a merely erroneous ruling, *id*. at p. 178. *Chick Kam Choo* at 695.

Here, Trans National has made *no showing* as to why it was justified in failing to avoid mistake or inadvertence, nor that the mistake was attributable to special circumstances. Instead, Quintana, who is an attorney, attempted to appear on behalf of Trans National in defiance of this Court's Orders.[1] Insufficient

---

[1] Quintana has been suspended by the Supreme Court of New Mexico. *In the Matter of Elias N. Quintana*, 709 P.2d 180 (N.M. 1985) (indefinite suspension from the practice of law for 19 violations of 11 Rules of the Code of Responsibility ("CPR")); *In the Matter of Elias Quintana*, 724 P.2d 220 (N.M. 1986) (suspension for an additional indefinite period of time for 16 violations of nine Rules of the CPR); *In the Matter of the Petition for Reinstatement of Elias*

showings for relief under Rule 60 include when the party fails to comply with an order of the court. Wright and Miller, § 2858 n. 41.

Additionally, Trans National has not shown good cause for setting aside the default. Rules 55(c) and 60(b) allow a district court to set aside an entry of default or default judgment for "good cause." *In re Chinese Manufactured Drywall Products Liab. Litig.*, — F.3d. —, 2014 WL 321844, *12 (5th Cir. Jan. 28, 2014) (*citing Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). To determine whether or not good cause is present, the court considers three factors: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice plaintiffs; and (3) whether defendant presented a meritorious defense. *Id*. The court may also consider other factors, including whether defendant acted expeditiously to correct the default. *Id*.

---

*Quintana*, 812 P.2d 786 (N.M. 1991) (petition for reinstatement denied). [rec. doc. 33, Exhibits A-C]. Additionally, Quintana has been reprimanded by the United States District Court for the Northern District of Texas for conduct similar to that in this case. *International Truck and Engine Corporation v. Elias Quintana*, 259 F.Supp.2d 553, 555 n. 1 (N.D. Texas 2003) ("if [defendant] is a corporate entity, Quintana must secure counsel to represent it forthwith, or the court will impose the sanctions listed in its order"). [rec. doc. 34 (citing rec. doc. 33, Exhibit D)].

Here, Trans National failed to act expeditiously to correct the default. The judgment adopting the Report and Recommendation was entered on December 20, 2012. Trans National waited exactly one year – December 20, 2013 – to file the Motion to Set Aside Default Judgment and Motion to Reopen Case. Defendant has not offered any evidence whatsoever that would excuse this delay.

Accordingly, the undersigned recommends that the Motion to Set Aside Default Judgment [rec. doc. 77] and the Motion to Reopen Case [rec. doc. 78] be denied.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the Motion to Set Aside Default Judgment [rec. doc. 77] and the Motion to Reopen Case [rec. doc. 78] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED. R. CIV. P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed February 10, 2014, at Lafayette, Louisiana.

*/s/ C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

```
Copy sent:  RFD
On:  2/10/2014
By:  MBD
```